UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. _____

ALLTECH COLLISION & PAINT, LLC,
(a/a/o Aquabliss Pool Services, Inc.),

      Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY,

      Defendant.
_____/

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant State Farm Mutual Automobile Insurance Company ("State Farm") hereby gives notice of removal of this action from the County Court in and for Broward County, Florida, where this action was commenced, to the United States District Court for the Southern District of Florida, Fort Lauderdale Division, the district and division embracing where this action was filed in State Court.

In support of this Notice of Removal, State Farm states:

**I.    THE REMOVED CASE AND PAPERS FROM REMOVED CASE**

1. The removed case is a civil action commenced in the County Court in and for Broward County, Florida in the matter styled *Alltech Collision & Paint, LLC, (a/a/o Aquabliss Pool Services Inc.) v. State Farm Mutual Automobile Insurance Company*, Case No. CONO-23-003653.

134498714.1

-2-

2.      Attached to this Notice of Removal as Exhibit "A" is a copy of the complaint in the removed action ("Complaint").  Attached to this Notice of Removal as Composite Exhibit "B" are copies of all other process, pleadings, and orders served upon State Farm as well as all other papers or exhibits from the State Court file.  Thus, State Farm has complied with the provisions of 28 U.S.C. § 1446(a).

3.      The removed case was filed on April 28, 2023 and the Complaint was served on State Farm on May 5, 2023.

4.      At the time the removed case was filed and served upon State Farm it was not removable because the amount in controversy was less than the jurisdictional minimum.  As of the date the removed case was filed in State Court, Exhibit "A" shows Plaintiff was seeking compensatory damages of $21,986.70 plus a statutory award of attorneys' fees.  The amount of attorneys' fees which Plaintiff could have incurred as of the filing date in State Court could not have been sufficient, when added to the compensatory damages sought of $21,986.70, to satisfy the jurisdictional minimum of $75,000 exclusive of interest and costs.  Indeed, as explained in paragraph 5 below, on October 19, 2023, Plaintiff's counsel asserted Plaintiff was entitled to $6,000 for attorneys' fees and costs as of October 19, 2023.

5.      On October 19, 2023, State Farm's counsel received the email attached hereto as Exhibit "C" from Plaintiff's counsel.  Exhibit "C" asserts that, on October 19, 2023, Plaintiff was seeking $81,861.70 in compensatory damages comprised of "teardown" costs of $45,111.70 and storage fees of $36,750.  Exhibit "C" further asserts that storage fees would continue to accrue at the rate of $150 per day.  In addition, Exhibit "C" asserts, as of October 19, 2023, attorneys' fees and costs totaled $6,000.

6. Exhibit "C" constitutes an "other paper" from which it may first be ascertained that the removed case is one which has become removable in accordance with the provisions of 28 U.S.C. § 1446(b)(3) because it shows the amount in controversy, as of October 19, 2023, exceeded $75,000 exclusive of interest and costs. Indeed, Exhibit "C" shows: (a) Plaintiff's alleged damages to be $81,861.70 plus $6,000 in attorneys' fees and costs and (b) that Plaintiff's alleged damages for vehicle storage continue to accrue after October 19, 2023 at the rate of $150 per day.

7. As of the date of this removal, the amount in controversy continues to exceed $75,000 exclusive of interest and costs. On November 16, 2023, State Farm to delivered to Plaintiff's counsel a payment of $5420 representing the amount State Farm agreed Plaintiff was due for teardown and storage. After this payment, Plaintiff still claims $76,441.70 for teardown and storage expenses through October 19. As of the date of this removal, Plaintiff also claims an additional 29 days of storage from October 20 through November 17 at the rate of $150 per day totaling $4350. Thus, as of the date of this removal, Plaintiff claims $80,791.70 in damages, as also shown graphically, in the table below.

| Date | Item | Amount of Damages Claimed Excluding Interest, Costs and Attorneys' Fees | Running Total of Plaintiff's Alleged Damages Excluding Interest, Costs and Attorneys' Fees |
|---|---|---|---|
| Oct. 19, 2023 | Plaintiff's Demand Email (Ex. "C"). | $81,861.70 | $81,861.70 |
| Nov. 16, 2023 | State Farm Pays $5420 for teardown costs and storage fees | | $76,441.70 |

| Date | Item | Amount of Damages Claimed Excluding Interest, Costs and Attorneys' Fees | Running Total of Plaintiff's Alleged Damages Excluding Interest, Costs and Attorneys' Fees |
|---|---|---|---|
| | it agrees are owed.[1] | | |
| Oct. 19- Nov. 17 | Plaintiff's claimed storage fees through date of Notice of Removal | $4350 | $80,791.70 |

8. Pursuant to 28 U.S.C. § 1446, this Notice of Removal is timely because removal is being effected within 1 year of the commencement of the action and within 30 days of receipt by State Farm (through its counsel) of an "other paper" from which it may first be ascertained the removed case is one which has become removable. *See* 28 U.S.C. § 1446(b)(3).

## II. NATURE OF ACTION

8. This is a civil action between the parties. Plaintiff brings this case as the assignee of non-party Aquabliss Pool Services Inc. ("Aquabliss").

---

[1] State Farm also paid $306.88 in interest on the $5420 amount plus the $6,000 in attorneys' fees and costs claimed by Plaintiff. These amounts do not bring the amount in controversy below the jurisdictional minimum because interest is excluded from the amount in controversy by statute and, even though Plaintiff claims attorneys' fees as an element of its damages, the amount in controversy is more than met without the necessity of accounting for Plaintiff's claimed attorneys' fees. The attorneys' fees are a "wash" because they are neither included in nor excluded from Plaintiff's claimed damages. If they were to be accounted for, the net result would be the same as shown in the table because they would both be added to and deducted from Plaintiff's claimed damages.

9. The Complaint alleges Aquabliss sustained damages to its Dodge motor vehicle which was insured by State Farm. Exhibit A ¶¶ 4-6.

10. The Complaint further alleges State Farm breached its insurance policy by failing to pay for "covered losses" for which State Farm is allegedly obligated. Exhibit A ¶¶ 8-12

## III. DIVERSITY JURISDICTION

11. Pursuant to 28 U.S.C. § 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and is between "citizens of different States."

12. As explained in paragraphs 8-10 above, this is a civil action between the parties.

13. The Complaint alleges that at all material times, Plaintiff was a "professional association organized and existing under the laws of the State of Florida." Complaint ¶ 2. The allegation Plaintiff was a "professional association" appears to be a scrivener's error. More particularly for this removal, at the time the Complaint was filed, at the time of removal, and at all intervening times, Plaintiff was and continues to be a limited liability company organized and existing under Florida law, with its principal place of business in Boca Raton, Palm Beach County, Florida. See, Declaration of Daniel C. Johnson, attached hereto as Exhibit "D" ("Johnson Declaration"), ¶¶ 3-6 and Exhibits 1-4 thereto.

14. Inasmuch as Plaintiff is a limited liability company, its citizenship, for diversity purposes is premised upon the citizenship of its members. *Flintlock Const. Services, LLC v. Well-Come Holdings, LLC.,* 770 F.3d 1221, 1224 (11th Cir. 2013). According to information provided by Plaintiff to the Florida Department of State, Division of Corporations ("Division of Corporations"), from August 4, 2021 to the present, Angelina Brikman ("Brikman") as been Plaintiff's only member. Johnson Declaration ¶¶ 6-7 and Exhibits 1-4 thereto. This is consistent

with Plaintiff's website which identifies Ms. Brikman as Plaintiff's "owner." *Id.* ¶ 9 and Exhibit 5 thereto.

15. At the time the Complaint was filed, at the time of removal, and at all intervening times, Brikman was and continues to be a citizen of the State of Florida because her domicile was and is the State of Florida. An individual's citizenship is determined by his/her domicile. *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002). "Citizenship is 'equivalent' to domicile for purposes of diversity jurisdiction." *McCormick* 293 F.3d at 257 (11th Cir. 2002).

16. According to records from the Division of Corporations, Brikman has been Plaintiff's registered agent from August 4, 2021 to the present. Johnson Declaration ¶¶ 8 and Exhibits 1-4 thereto. Fla. Stat. § 605.113 (1) provides that an individual who serves as the registered agent for a limited liability company "must be [a]n individual who resides in this state." Thus, Brikman's residency gives rise to a presumption that she is a Florida citizen. *Photo-Tech Inc. v. Pfizer Inc.* 2010 WL 11508157 at *4 (M.D. Fla. August 24, 2010) (citing, among other authorities, *King v. Cessna Aircraft Co.*, 505 F.3d 1160, 1171-72) (11th Cir. 2007)), as "recognizing a presumption that a person's state of residence is also his state of domicile".

17. Accordingly, as set forth in paragraphs 13-16, Plaintiff is a citizen of Florida for diversity of jurisdiction purposes.

18. At the time the Complaint was filed, at the time of removal, and at all intervening times, State Farm was a mutual insurance company organized and incorporated under the insurance laws of the State of Illinois with its principal place of business in the State of Illinois. Accordingly, State Farm is a citizen of Illinois.

19. The parties are, therefore, citizens of different states, and complete diversity of citizenship exists in this case.

20. As demonstrated in paragraphs 5-7 above, while State Farm denies any liability to Plaintiff, the amount in controversy requirement is satisfied in this case because the complaint seeks damages in excess of $75,000 exclusive of interest and costs.

21. Therefore, this Court has original jurisdiction over Plaintiff's claims because this is a civil action between citizens of different states where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). Accordingly, this case is removable under 28 U.S.C. § 1441(a).

## IV. COMPLIANCE WITH 28 U.S.C. § 1446(d)

22. Pursuant to 28 U.S.C. § 1446(d), written notice of removal of this action together with a copy of this Notice of Removal, shall promptly be filed with the Clerk of County Court in and for Broward County, Florida, and served on Plaintiff's counsel.

## V. CONCLUSION

WHEREFORE, State Farm has removed the above-captioned action from the County Court in and for Broward County, Florida, and respectfully requests that further proceedings be conducted in this Court as provided by law.

Respectfully submitted on November 17, 2023.

/s/ Daniel C. Johnson
Daniel C. Johnson
Florida Bar No. 522880
djohnson@carltonfields.com
Johanna W. Clark
Florida Bar No. 196400
jclark@carltonfields.com
Carlton Fields, P.A.
200 S. Orange Avenue, Ste. 1000
Orlando, Florida 32801
Telephone: (407) 849-0300
Facsimile: (407) 648-9099

*Attorneys for Defendant State Farm Mutual Automobile Insurance Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished on November 17, 2023 by email to Cindy A. Goldstein, Esq. at pleadings@cindygoldsteinlaw.com and Kenneth J. Dorchak at pleadings@bhdlawfirm.com and kdpleadings@bhdlawfirm.com and by U.S. mail to Cindy A. Goldstein, Esq., Cindy A. Goldstein, P.A., 10100 W. Sample Road, Suite 200, Coral Springs, FL 33065 and KennethJ. Dorchak, Esq., Buchalter, Hoffman & Dorchak, 1075 NE 125th Street, Suite 202, North Miami, FL 33161

/s/ Daniel C. Johnson

134498714.1