IN THE COUNTY COURT IN AND FOR BROWARD COUNTY

ALLTECH COLLISION & PAINT, LLC,
(a/a/o Aquabliss Pool Services Inc)

                    CASE NO. _____

      Plaintiff,

vs.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

      Defendant.
_____/

## COMPLAINT

The Plaintiff, ALLTECH COLLISION & PAINT, LLC, by and through the undersigned counsel, hereby sues the Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an insurance corporation and alleges as follows:

1.    This is an action for damages that does not exceed THIRTY THOUSAND DOLLARS ($30,000.00) exclusive of interest, attorney's fees and costs.

2.    At all times material hereto, Plaintiff was and is a professional association organized and existing under the laws of the State of Florida.

3.    At all times material hereto, Defendant was a corporation duly licensed to transact business in Broward County, Florida.

4.    On or about 2/08/2023, Aquabliss Pool Services Inc was driving his/her 2013 Dodge 1500 Tradesman when he/she was involved in a motor vehicle collision in the State of Florida, during which he/she sustained property damage to his vehicle.

5.    Defendant issued a policy of automobile insurance to Aquabliss Pool Services Inc which provided collision benefits as required by law to comply with Florida Statutes, which would cover Aquabliss Pool Services Inc's loss and damage to his/her motor vehicle. This Plaintiff does not have a copy of the policy and/or declarations page; however, Plaintiff believes that the Defendant has a copy of said policy with declarations page(s).

6.    The above-described policy was in full force and effect on the date of the accident and provided collision benefits for property damage sustained to 2013 Dodge 1500 Tradesman as a result of an automobile accident.

7.    Plaintiff has performed all conditions precedent to entitle Plaintiff to recover collision benefits directly from the Defendant for said necessary repair to the motor vehicle.

<u>COUNT I-BREACH OF CONTRACT FOR COLLISION BENEFITS</u>

Plaintiff re-alleges and re-avers each and every allegation contained in paragraphs 1 through 7 above and asserts the following:

8.      Defendant has failed to pay covered losses despite that the Defendant has no reasonable proof to establish that it is not responsible for the payment.

9.      Based upon current information and belief, there is due and owing to the Plaintiff by Defendant $21,986.70 which continues to accrue daily in the amount of $266.25 (inclusive of tax) for repairs to be made to the motor vehicle.

10.     Due to the failure of the Defendant to pay collision benefits in accordance with the law, Plaintiff has been required to retain the undersigned law firm for the prosecution of this lawsuit.  The Plaintiff has agreed to pay, and the attorneys of the firm have agreed to accept any court awarded fee.

11.     Defendant has failed to pay the statutory attorney's fees required by law.

12.     Plaintiff would derive a direct benefit from the Court's judgment ordering the Defendant to pay interest and attorney's fees even if Defendant pays all or some of the disputed benefits before judgment is entered after the lawsuit is filed.

WHEREFORE, the Plaintiff, ALLTECH COLLISION & PAINT, LLC, seeks a judgment of this Court for damages and that the Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, pursuant to Florida Statutes §627.736(5), §627.736(8), §627.428, §57.041, §57.104, and §92.231 and Florida Law shall pay reasonable attorney's fees and costs of this action and demands trial by judge of all issues so triable.

Dated this 28th day of April, 2023.

*/s/ Cindy A. Goldstein*
CINDY A. GOLDSTEIN, ESQ.
Florida Bar No. 0560261
CINDY A. GOLDSTEIN, P.A.
10100 W. Sample Road, Suite 200
Coral Springs, Florida 33065
(954) 346-5420 (Phone)
(954) 346-5419 (Facsimile)
pleadings@cindygoldsteinlaw.com



ALLTECH COLLISION AND PAINT

## ASSIGNMENT OF BENEFITS, AUTHORIZATION TO SETTLE CLAIM AND DIRECTION TO PAY SHOP DIRECTLY

By my signature below, for good and valuable consideration (including but not limited to the extension of credit to me), I hereby assign, transfer and convey to Alltech Collision and Paint LLC (hereinafter "the Shop") all of my rights, title and interest in and to expense reimbursement in whatever form, including but not limited to any automobile liability expense payments or other benefits indemnification and/or agreement otherwise payable to me.

I further authorize the Shop to negotiate, collect and settle any claim with any insurance carrier or other third party payor with regard to these services, which authorization shall include authority to:

request and receive fern any insurer or any other party any and all documentation and records that I am empowered to request regarding this claim, including, without limitation, a statement of coverage, policy declarations page and insurance policy, Records Review Reports, coverage denial letters, Explanations of Benefits, and Benefit Payment Sheets or Logs without regard as to whether such documentation has already been provided to me and, to endorse in my name any check issued for payment where benefits were assigned. By way of this assignment and notice, I further instruct you, the insurer, to furnish to Shop copies of all future notices affecting Shop's interest in this claim without limitation.

The Shop hereby objects to any reductions or partial payments. Any partial or reduced payment, regardless of the accompanying language, issued by the insurer and deposited by the shop shall be done so under protest, at the risk of the insurer, and the deposit shall not be deemed a waiver, accord, satisfaction, discharge, settlement or agreement by the shop to accept a reduced amount as payment in full.

I further direct my insurer to direct all payments for services rendered by the Shop directly to Shop at the billing address contained on Shop's bills.

THIS IS A DIRECT AND IRREVOCABLE ASSIGNMENT OF MY RIGHTS AND BENEFITS UNDER MY POLICY OF INSURANCE.

A photocopy of this form shall be considered as effective and valid as the original.

I have read the foregoing and understand and agree to each of the above provisions:

_____
Client's signature

KEN SCOTT
_____
Client name- Printed

2/16/23
_____
Date

2/8/23
_____
Date of Loss

Exhibit "A"