UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 0:23-cv-62193-CIV-RS

**ALLTECH COLLIUSION & PAINT, LLC.**,
(a/a/o Aquabliss Pool Services, Inc.)

 Plaintiff,
vs.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**,

 Defendant.
_____/

### PLAINTIFF'S MOTION FOR REMAND
### AND INCORPORATED MEMORANDUM OF LAW

 Plaintiff, ALLTECH COLLISION & PAINT, LLC.. ("Plaintiff" or "ALLTECH"), as assignee of Aquabliss Pool Services, Inc., by and through undersigned counsel and pursuant to 28 U.S.C. §1447(c), hereby files this Motion for Remand and Incorporated Memorandum of Law in response to the Defendant's Notice of Removal (ECF No. 1), filed by the Defendant (hereinafter referred to as "State Farm"), and in support states as follows:

### PROCEDURAL AND FACTUAL BACKGROUND

 On April 28, 2023, the Plaintiff filed a complaint for breach of an insurance contract for a claim under the comprehensive collision coverage of an automobile insurance policy. The Plaintiff is an automotive repair facility. The complaint alleged that the action was one for damages that does not exceed $30,000.00.

 The underlying facts alleged were that on or about 02/08/2023 a vehicle owned by Aquabliss Pool Services, Inc., and insured by State Farm was involved in a motor vehicle accident

thereby resulting in damage to the insured vehicle. Plaintiff alleged it performed services related to the auto and that such services were covered under the subject policy.

Paragraph 9 of the complaint alleged that the Defendant breached the contract by failing to pay the Plaintiff the amount of $21,986.70. The complaint further alleged that storage would continue to accrue at the rate of $266.25 per day.

The Defendant was served on May 5, 2023. On May 25, 2023, the Defendant filed a motion to dismiss the complaint wherein the Defendant asserted that the complaint failed to state a cause of action.

On May 31, 2023 the Court issued a Uniform Order Setting Pretrial Deadlines and Related Requirements which order set a projected trial date of October 1, 2024.

On August 8, 2023, the Court conducted a hearing on the motion to dismiss and entered an order denying the Defendant's motion to dismiss and ordered the Defendant to file an answer to the complaint within 10 days.

On August 18, 2023, the Defendant served its answer to the complaint which answer asserted certain affirmative defenses.

On September 7, 2023 the Plaintiff filed a motion to strike the affirmative defenses. On October 16, 2023, the Court entered an agreed order striking all of the affirmative defenses and granted the Defendant leave to serve amended defenses within 10 days. On October 26, 2023, the Defendant served its amended defenses asserting as a defense the failure to mitigate damages and setoff.

On November 17, 2023, State Farm removed this matter under 28 U.S.C. §1332(d) and 28 U.S.C. §1441 and 28 U.S.C. §1446 asserting that there is diversity of citizenship

between the parties and that the amount in controversy exceeds the sum or value of $75,000,000, exclusive of interest and costs. State Farm asserts that the notice of removal was timely because it asserts that the first time it became aware of the fact that damages in this matter exceeded $75,000.00 was upon receipt on October 19, 2023, of a solicited settlement demand of $81,861.70 plus $6,000.00 in attorney fees and that such demand constitutes an "other paper" sufficient to restart the removal clock.

While Plaintiff does not dispute the existence of diversity of citizenship, Plaintiff does assert that this Court does not have jurisdiction over this matter and that State Farm's notice of removal is insufficient and even if sufficient the notice of removal was untimely. The settlement demand solicited by the Defendant in this case did not reset the removal clock because (1) the complaint already notified the Defendant that by the time of the state court's proposed October 1, 2024 trial date the damages could have exceeded $160,000.00; (2) the solicited demand asserts a claim for "tear down" which is not a part of the complaint; (3) even if the claims set forth in the settlement demand are viewed as part of the complaint the complaint nevertheless limits damages to $30,000.00 and thus this Court has no jurisdiction over this matter; (4) the mere filing of the settlement demand which did not include any documentation, estimates or other corroborating evidence is insufficient evidence to confer jurisdiction to this court; (5) the email settlement demand was merely posturing for purposes of soliciting a counter offer.

## **STANDARD OF REVIEW**

A defendant in a state court action may remove a case to federal court if the district courts have original jurisdiction over the action. 28 U.S.C. § 1441(a). This includes diversity

jurisdiction—i.e., when the parties are citizens of different States and the amount in controversy exceeds $75,000.00, exclusive of interests and costs. See 28 U.S.C. § 1332(a).

The burden is upon the removing party to demonstrate its right to removal by a preponderance of the evidence. See *Tapscott v. MS Dealer Service Corp.,* 77 F.3d 1353, 1356 (IIth Cir. 1996). The party seeking removal (State Farm herein), bears the burden of proving its entitlement to have the case heard in federal court and must prove the existence of federal jurisdiction. *Fowler v. Safeco Ins. Co. of America,* 915 F.2d 616 (11th Cir. 1990).

"[O]nce a case has been removed from state court, '[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.'" *Coccaro v. Geico Gen. Ins. Co.*, 648 Fed. Appx. 876, 881 (11th Cir. 2016)(quoting *Int'l Primate Prot. League v. Adm'rs of Tulan Educ. Fund*, 500 U.S. 72, 89 (1991) ("[T]he literal words of §1447(c) … give …no discretion to dismiss rather than remand an action [that has been removed from state court.]"(quotations omitted)); See also *Randy Rosenberg, D.C., P.A. v. Geico Indemnity Company*, 2019 WL 3817458 (11th Cir. 2019)(citing *Gerber*, 925 F.3d at 1216.). Federal courts are courts of limited jurisdiction, *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994), which only possess power that is authorized by the Constitution and by statutes. *Id.* There is a presumption that a case lies outside this limitation and the burden of establishing the contrary rests on the party asserting jurisdiction. *Id.* A federal district court must remand to the state court any case that was removed improvidently or without the necessary jurisdiction. *Miedema v. Maytag Corporation*, 450 F.3d 1322, 1330 (11th Cir. 2006); *Lowery v. Alabama Power Company*, 483 F.3d 1184, 1207 (11th Cir. 2007). All doubts about removal jurisdiction

4

should be resolved in favor of remand to state court. *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405 (11th Cir. 1999).

Procedurally, if the initial pleading is removable on its face the federal removal statute requires a defendant to file a notice of removal within 30 days after being served with the "initial pleading." 28 U.S.C. § 1446(b)(1). As construed by district courts in this Circuit, the 30-day removal period prescribed by § 1446(b) commences running as soon as a defendant is able to ascertain intelligently that the action is removable. *Scriptchek Visual Verifications Sys., Inc. v. R.R. Donnelley & Sons Co.*, No. 20-CIV-61261, 2021 WL 226095, at *2 (S.D. Fla. Jan. 22, 2021). An exception to this rule exists, however, when the case framed by the initial pleading is not removable on its face as follow:

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order **or other paper** from which it may first be ascertained that the case is one which is or has become removable.

Id. § 1446(b)(3) (emphasis added).

## ARGUMENT

State Farm has failed to meet its burden of proof to show that the Plaintiff can recover the amount of $75,000.00 or more necessary to invoke this Court's jurisdiction. This is because the complaint itself limits damages to the county court jurisdictional limit of $30,000.00. State Farm's notice of removal fails to note that paragraph 1 of the complaint states that "[t]his is an action for damages that does not exceed THIRTY THOUSAND DOLLARS ($30,000.00) exclusive of interest, attorney's fees and costs." Plaintiff's jurisdictional allegation and limitation of damages as being no greater than $30,000.00 must be given deference by this Court. *See generally,* Wright

5

& Miller, 14A Federal Practice and Procedure § 3702 ("[p]laintiff is the master of his or her own claim; if plaintiff chooses to ask for less than the jurisdictional amount, only the sum actually demanded is in controversy"). The United States District Court for the Middle District of Florida, in a case involving the distribution of a trust where the plaintiff alleged an amount less than $75,000, held that "a plaintiff may purposefully reduce the amount he demands in a suit to an amount lower than his actual damages if he desires to remain in a state court." *First Guaranty Bank & Trust Co. v. Reeves,* 86 F.Supp 2d 1147 (M.D. Fla. 2000) *citing St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283 (1938). "If [the plaintiff] does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the Defendant cannot remove." *Id.* at 1155 citing *St. Paul Mercury Indem. Co.,* 303 U.S. at 294; .

State Farm relies upon the post suit settlement demand sent via email on October 19, 2023, which sought $45,111.70 for "tear down" and $36,750.00 for storage and $6,000.00 for attorney's fees and costs to assert that the damages at the time of removal in this case exceeds $75,0000.00. However, consistent with the pleading concepts set forth above, district courts have remanded matters where a post suit demand exceeds the limits of damages set forth in the complaint. See *Sfirakis v. Allstate Ins. Co.*, CIV. A. 91-3092, 1991 WL 147482, at *3 (E.D. Pa. July 24, 1991) where the District Court remanded a matter back to state court where the complaint plead that damages do no exceed $20,000.00 despite the fact that counsel for the Plaintiff presented a settlement demand for $300,000.00.

Given that the Plaintiff has plead a specific jurisdictional amount which is under this Court's $75,000.00 jurisdictional threshold, in order for the Defendant to meet its burden State Farm must

show that, if plaintiff prevails on liability, an award below the jurisdictional amount of $75,000.00 **would be outside the range of permissible awards**. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994); *Freight Hub Corp. v. Satellite Logistics Group, Inc.*, 22-CIV-20059, 2022 WL 18465073, at *2 (S.D. Fla. Aug. 19, 2022); *Cabrera v. GeoVera Specialty Ins. Co.*, 20-23532-CIV, 2020 WL 13349034, at *1 (S.D. Fla. Sept. 29, 2020).

The Defendant has not met this burden because it has not shown that the Plaintiff has made a voluntary act of seeking to amend the complaint to seek more than the $30,000.00 in damages asserted in the complaint.  Unless and until the Plaintiff does so then this case must be remanded because Plaintiff's damages are limited to $30,000.00 plus interest, costs and reasonable attorney's fees.  See *Hooters of Am., Inc. v. Carolina Wings, Inc.*, 655 So. 2d 1231 (Fla. 1st DCA 1995) -- "It is ... elementary that damages will be awarded only to the extent supported by the well-pleaded allegations of the complaint."  See also *All. Spine & Joint, III, LLC v. GEICO Gen. Ins. Co.*, 321 So. 3d 242 (Fla. 4th DCA 2021) holding that where party confesses judgment up to the jurisdictional amount plead in the complaint  the issue between the parties, as framed by the pleadings, becomes moot as the court can provide no further substantive relief other than entering the confessed judgment.

Given the state of the pleadings the email settlement demand relied upon by the Defendant as an "other paper" should be viewed as no more than posturing for settlement purposes and inviting a counteroffer as the settlement demand asserts damages greater than the $30,000.00 limitation of damages as plead in the complaint. See *Sfirakis,* 1991 WL 147482, at *3 – where the court held that the contested correspondence between counsel did not constitute an "other paper" because it

7

was "nothing more than posturing by counsel seeking to stake out a position for settlement purposes."

Additionally, the settlement demand contains a demand for the amount of $45,111.70 for "tear down" which amount is not a part of the claim for damages in the complaint and thus cannot be considered by this Court. Other than the naked assertion in the October 19, 2023, settlement demand for tear down charges Defendant has not provided this Court with any estimates, invoices, appraisals or other documents which would substantiate the value of the tear down, which the Defendant itself asserts is only worth $5,420.00 (see Page 3 of the Notice of Removal – DE 1). See *Lamb v. State Farm Fire Mut. Auto. Ins. Co.*, 2010 WL 6790539, at *2 (M.D. Fla. 2010) - settlement demand may be a reliable indicator of the damages sought when they provide specific information to support the plaintiff's claim for damages. See also *Fox v. First Liberty Ins. Corp.*, 3:21CV879-MCR-HTC, 2021 WL 6328353, at *2 (N.D. Fla. Oct. 6, 2021) – remanding case despite settlement demand of $95,000.00 where the demand relied upon did provide any corroborating evidence to support the value of the asserted increased cost of materials included in the demand; *Castillo v. GeoVera Specialty Ins. Co.*, 21-CV-20059, 2021 WL 58116, at *3 (S.D. Fla. Jan. 7, 2021) – remanding case finding that cursory $100,000.00 demand which did not contain any corroborating evidence failed to satisfy its burden of removal.

By removing the unplead claim for $45,111.70 for "tear down" as set forth in the October 19, 2023 email settlement demand, the amount of damages at issue at the time of the notice of removal is as $47,100.00 which is well below this Court's jurisdictional threshold of $75,000.00. [$36,750.00 for storage plus an additional 29 days of storage of $4,350.00 (10/19/2023 through 11/17/2023 at $150.00 per day) plus attorney's fees and costs of $6,000.00].

8

If this Court were to accept any argument by State Farm that this Court should look beyond the damages limitation of $30,000.00 set forth in the complaint, then the Court should then find that the notice of removal was untimely. The complaint was filed on April 28, 2023. Paragraph 9 of the complaint plainly states that $21,986.70 is owed plus the additional amount of $266.25 per day. Given this statement of damages and given that the State Court's uniform case management order set a tentative trial date of October 1, 2023, the Defendant could have reasonably discerned that by the time of the trial date that damages would have been $160,969.20 [$21,98.70 + $138,982.50 (522 days times $266.25)]. Thus, the Defendant had sufficient facts to seek removal and the 30-day clock started ticking on May 5, 2023 and expired on June 4, 2023. *Durham v. Lockheed Martin Corp.,* 445 F.3d 1247, 1253 (9th Cir.2006) – "[w]hen the defendant receives enough facts to remove on any basis under section 1441, the case is removable, and section 1446's thirty-day clock starts ticking."

Removal of an action to federal court more than 30 days from date complaint was served is untimely where the defendant had "clues" that damages claimed exceeded jurisdictional threshold. *Richman v. Zimmer, Inc.*, 644 F. Supp. 540 (S.D. Fla. 1986). A number of courts have held that a defendant has an affirmative duty to make reasonable inquiry to ascertain the existence of federal jurisdiction and pursue "clues" of potential federal jurisdiction as soon as they are uncovered. See*, Central Iowa Agri–Systems v. Old Heritage Advertising & Publishers, Inc.,* 727 F.Supp. 1304, 1305 (S.D.Iowa 1989). State Farm failed to make any inquiry as to the existence of federal jurisdiction until the October 19, 2023 settlement email. Accordingly, State Farm's motion is untimely as the removability of the matter was readily apparent on the face of the complaint and thus the "other paper" exception does not apply.

## CONCLUSION

This matter should be remanded back to the state court as the Defendant's removal was untimely. State Farm knew or should have known that damages could exceed $75,000.00 based upon the face of the complaint and thus State Farm had 30 days from May 5, 2023, to seek removal. Alternatively sufficient clues existed on the face of the complaint to require that State Farm make further inquiry into the potential removability of the matter and State Farm failed to timely do so. The October 19, 2023, settlement demand did not reset the remand clock.

Even if the removal was timely, State Farm failed to meet its burden of demonstrating that this Court has jurisdiction as the damages as plead in the complaint are limited to $30,000.00 which is below the $75,000.00 damage threshold to invoke this Court's jurisdiction. The solicited settlement demand should not be considered by the court as a value of the damages as it asserts damages over and above the limitation of damages set forth in the complaint and includes a claim for "tear down" which is not claimed within the complaint itself. The settlement demand was little more than posturing for settlement purposes and cannot provide a basis for jurisdiction.

Sufficient doubt exists as to this Court's jurisdiction and such doubts should be resolved in favor of remand.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant conferred via e-mail on December 12, 2023 with all parties who may be affected by the relief sought in this motion in good faith to resolve the issues raised in it, but has been unable to resolve the issues as

State Farm opposes the relief requested herein.

Dated:  December 13, 2023

**BUCHALTER, HOFFMAN & DORCHAK**
1075 NE 125th St Suite 202
North Miami, FL 33161
P:  305-891-0211
F:  305-891-2073
kdorchak@bhdlawfirm.com

By:  S/ Kenneth Dorchak
Kenneth Dorchak, Esq.
FBN:  912689

## CERTIFICATE OF SERVICE

I hereby certify that on December 13, 2023, the foregoing was filed with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to counsel of record on the below service list.

By:  S/ Kenneth J. Dorchak
Kenneth J. Dorchak, Esq.