UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-62193-CIV-SMITH

ALLTECH COLLISION & PAINT, LLC,
(a/a/o Aquabliss Pool Services, Inc.)

        Plaintiff,

vs.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Defendant.

_____/

## FIRST AMENDED COMPLAINT

The Plaintiff, ALLTECH COLLISION & PAINT, LLC, by and through the undersigned counsel, hereby sues the Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an insurance corporation and alleges as follows:

## COUNT I

1. This is an action for damages greater than $8,000.00 but less than $50,000.00 exclusive of interest, attorney's fees and costs.

2. At all times material hereto, Plaintiff was and is a limited liability company association organized and existing under the laws of the State of Florida.

3. At all times material hereto, Defendant was a corporation duly authorized to transact business in the State of Florida and conducted business within Broward County, Florida.

4. Defendant issued a policy of automobile insurance to Aquabliss Pool Service, Inc. which policy included comprehensive and collision benefits which would cover loss and damage to a motor vehicle described as a 2013 Dodge, VIN #3C6JR6DG3DG576386 (hereinafter "covered vehicle"). The Plaintiff does not have a copy of the policy and/or declarations page; however, Plaintiff believes that the Defendant has a copy of said policy with declarations page(s).

5. On 02/08/2023 the covered vehicle was involved in an automobile accident whereby it sustained damage.

6. The above-described policy was in full force and effect on the date of the accident.

7. The vehicle was brought to Aquabliss for evaluation of the damage to the vehicle and for repair of the vehicle for the damage caused in the accident. The Plaintiff inspected the vehicle for purposes of preparing an estimate of the damages and repairs

needed for the vehicle. The act of preparing the estimate, aka "tear down", required that the Plaintiff expend labor and other costs.

8. Aquabliss, by and through its representative, assigned the benefits under the policy to the Plaintiff a copy of which is attached hereto as Exhibit 1.

9. Subsequent to the survey and preparation of the estimate State Farm determined that the vehicle was a total loss.

9. The Plaintiff submitted its reasonable bill to the Defendant for the preparing of the estimate in the amount of $21,986.70 which estimate included 21 hours of labor at the rate of $65.00 per hour for a total amount of $1365.00 not including tax. See attached Exhibit 2.

10. The final bill submitted to State Farm also included storage from the period of 2/16/2023 through 3/31/2023 in the amount of $18,000.00.

11. The Defendant wrongfully failed to pay the assigned insurance benefits due and owing thereby breaching the contract of insurance.

12. State Farm abandonned the vehicle at the Plaintiff's

premises causing the Plaintiff to have to continue to store the vehicle on its premises where it remains as of the filing of this amended complaint.

13. On November 15, 2023 but after suit was filed, the Defendant tendered payment to the Plaintiff in the amount of $770.00 for the costs of "tear down." In arriving at this figure the Defendant advised that it would pay for 14 hours of labor at the rate of $55.00 per hour. This payment left a balance due of $595.00 for the tear down.

14. On November 13, 2023 the Defendant tendered payment in the amount of $4650.00 for storage which the Defendant indicated was for 31 days of storage (March 1, 2023 through March 31, 2023) at the rate of $150.00 per day. As a result of this payment the amount of $47,850.00 remains outstanding for storage through the filing of this amended complaint and will continue to accrue at the rate of $150.00 per day.

15. As part of its post suit payment on November 15, 2023 the Defendandt acknowledged Plaintiffs's entitlement to attorney's fees and costs by its tendered of $6,000.00 toward the Plaintiff's

attorney's fees and costs.

16. Based upon current information and belief, there is due and owing to the Plaintiff from the Defendant the amount of $48,445.00 together with reasonable storage charges to accrue at the rate of $150.00 per day exclusive of tax as well as interest an the amounts tendered on November 15, 2023.

17. Because of Defendant's refusal/failure to pay the losses, Plaintiff retained the services of the undersigned attorneys and is obligated to pay the undersigned attorneys a reasonable fee for their services and Plaintiff is entitled to an award of such reasonable attorney's fees pursuant to section 627.428, Fla. Stat.

18. Plaintiff has complied with all conditions precedent to file this lawsuit and to obtain payment of the above described overdue insurance benefits from Defendant/insurer.

WHEREFORE, the Plaintiff, ALLTECH COLLISION & PAINT, LLC, seeks a judgment of this Court for damages in the amount of $48,445.00 together with additional reasonable storage and prejudgment interest and that the Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, pursuant to Florida Statutes §627.736(5), §627.736(8), §627.428, §57.041, §57.104, and §92.231 and Florida Law shall pay reasonable attorney's fees and costs of this action and demands trial by judge of all issues so triable.

## COUNT II
## UNJUST ENRICHMENT

19. Plaintiff re-alleges the allegations set forth in paragraph 1 through 18.

20. By assisting in the determination and disposition of the insurance claim made by Aquabliss and by way of the continued storage and safekeeping of the covered vehicle Plaintiff has conferred a direct benefit to Defendant and such benefits have been and continue to be accepted by Defendant.

21. As a result, the circumstances are such that Defendant should, in all fairness, be required to pay Plaintiff for the reasonable storage fees that have accrued and remainder of the other charges described above.

22. Due to Defendant's failure to pay the accrued storage fees and the remainder of the balance due, Defendant has been unjustly enriched and Plaintiff has suffered damages for the unpaid balance and unpaid storage and the loss of use of the space where the vehicle has been stored.

22. In addition, Plaintiff has suffered damages in the form of interest and reasonable attorneys' fees and costs pursuant to Florida Statutes §§ 627.428.

WHEREFORE, the Plaintiff, ALLTECH COLLISION & PAINT, LLC, seeks a judgment of this Court for damages in the amount of $48,445.00 together with additional reasonable storage and prejudgment interest and that the Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, pursuant to Florida Statutes §627.736(5), §627.736(8), §627.428, §57.041, §57.104, and §92.231 and Florida Law shall pay reasonable attorney's fees and costs of this action and demands trial by judge of all issues so triable.

Dated: February 1, 2024

                                        /s/ Kenneth J. Dorchak
BY:  Kenneth J. Dorchak
FOR: Buchalter Hoffman & Dorchak
       1075 N.E. 125th Street, Suite 202
       North Miami, FL 33161
       (305) 891-0211
       Fla Bar #: 912689
       pleadings@bhdlawfirm.com (Primary)
       kdpleadings@bhdlawfirm.com (Secondary)
       Attorneys for Plaintiff