UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ALLTECH COLLISION & PAINT, LLC,

    Plaintiff,                                        CASE NO. 23-62193-CIV-SMITH

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY,SF-SF

    Defendant.
_____/

**REPLY IN SUPPORT OF MOTION TO COMPEL DOCUMENTS RELATED TO THE REASONABLENESS OF PLAINTIFF'S CHARGES (D.E. 52)**

Defendant files this brief reply in support of its motion to compel and states in support:

*First*, Plaintiff contends State Farm's motion should be denied because State Farm did not "follow the procedures for discovery motions." Plaintiff is mistaken. State Farm fully complied with the Order Setting Discovery Procedures (D.E. 21). On April 18, 2024 at 11:00 a.m., the undersigned conferred in good faith with Plaintiff's Counsel, Kenneth Dorchak, regarding Plaintiff's refusal to produce estimates, invoices or final bills reflecting the reasonableness of Plaintiff's charges for a three-month period. Plaintiff did not agree to any further production.

Accordingly, on May 14, 2024, the undersigned's office contacted Chambers to place the matter on an available discovery calendar. Chambers advised that the Court had already scheduled a hearing on multiple pending discovery motions in this matter at **10:30 a.m on May 23, 2024** – a date and time *set by Plaintiff*. See Exhibit A. Because a hearing was already scheduled on all pending discovery matters in this litigation and Plaintiff's counsel was available given he scheduled the hearing, Chambers advised the undersigned's office that she may file State Farm's Motion to Compel, which she did. State Farm fully complied with the Court's Order Setting Discovery Procedures and Plaintiff's suggestion otherwise is unsupported.

*Second*, Plaintiff contends State Farm's motion should be denied because it seeks "*every* piece of financial documentation*" from Plaintiff and is a "fishing expedition." But that is not accurate. State Farm's request is narrowly tailored to Plaintiff's estimates, invoices or final bills – not "*every* piece of [Plaintiff's] financial documentation." Moreover, the request is further narrowed to only the month before, during, and after the vehicle arrived at Plaintiff's shop.

1

Plaintiff also ostensibly contends the production sought is irrelevant because "tear down" charges are different from an "oil change" or "exhaust leak." State Farm does not disagree that repairs of vehicles may be different. However, Plaintiff's Final Bill includes 15 line items with corresponding charges, not just one line for "tear down," and contains no actual repair charges (such as an oil change or part leak). Plaintiff's Final Bill includes the following line items:

1. Disinfect vehicle from hazardous contamination.
2. Admin fee
3. Blue print
4. Clean up
5. Collision Wrap
6. Yard Fee
7. DMV Fee/ Plate removal fee
8. Tear down and/or gather customer belongings
9. Storage oversized vehicle 02/16 – 03/31
10. Pre scan
11. Pull in
12. Pull out
13. Pre measure
14. 2 Post Lifts
15. Virtual Admin fee

Here, Plaintiff is suing for its teardown, storage, and a host of other itemized charges it contends are reasonable and owed by State Farm. Plaintiff must establish those charges and State Farm is entitled to learn if Plaintiff is price-gouging State Farm or if Plaintiff's charges are consistent with other charges Plaintiff bills its customers. For example, State Farm is entitled to know if Plaintiff charged other customers for admin fees, virtual admin fees, blue print fees, yard fees, disinfectant fees, etc. State Farm's discovery is directed to allegations raised by Plaintiff by bring this suit, and the discovery is limited in time and scope. Accordingly, State Farm respectfully requests the Court grant its motion to compel.

-3-

/s/ *Johanna W. Clark*
Daniel C. Johnson
Florida Bar No. 522880
djohnson@carltonfields.com
Johanna W. Clark
Florida Bar No. 196400
jclark@carltonfields.com
Carlton Fields, P.A.
200 S. Orange Avenue, Ste. 1000
Orlando, Florida 32801
Telephone: (407) 849-0300
Facsimile: (407) 648-9099

*Attorneys for Defendant State Farm Mutual Automobile Insurance Company*