UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:23-CV-62193-SMITH/AUGUSTIN-BIRCH

ALLTECH COLLISION & PAINT, LLC,

    Plaintiff,

v.

STATE FARM AUTOMOBILE INSURANCE COMPANY,

    Defendant.
_____/

## OMNIBUS ORDER ON DISCOVERY MOTIONS

This cause comes before the Court on four discovery motions filed by the parties. Plaintiff Alltech Collision & Paint, LLC has filed a Motion to Compel briefed at Docket Entries 48 and 54. Plaintiff has also filed a Notice of Supplemental Authority at Docket Entry 65 regarding its Motion to Compel, and Defendant State Farm Automobile Insurance Company has filed a declaration at Docket Entry 64 in support of its response in opposition to Plaintiff's Motion to Compel. Defendant has filed three discovery motions: (1) a Motion to Deem Requests for Admission Admitted, which is briefed at Docket Entries 50 and 53; (2) a Motion for Protective Order, which is briefed at Docket Entries 52, 56, and 59; and (3) a Motion to Compel, which is briefed at Docket Entries 60, 62, and 63. On May 23, 2024, this Court held a Discovery Hearing on all four discovery motions, and, to aid in the Court's consideration of Plaintiff's Motion to Compel, the Court ordered Defendant to file under seal the pricing survey Plaintiff seeks to discover with its Motion to Compel. DE 67. Defendant complied with this Court's Order and filed the pricing survey under seal.

Having carefully considered the briefing, the arguments made by counsel at the Discovery Hearing, and the record and being otherwise fully advised, the Court rules as follows:

1. Plaintiff's Motion to Compel [DE 48] is **GRANTED IN PART AND DENIED IN PART**.

2. Defendant's Motion to Deem Requests for Admission Admitted [DE 50] is **GRANTED IN PART AND DENIED IN PART**.

3. Defendant's Motion for Protective Order [DE 52] is **DENIED**.

4. Defendant's Motion to Compel [DE 60] is **GRANTED**.

## I. Background

After receiving an assignment of the rights and benefits under Aquabliss Pool Services Inc.'s ("Aquabliss") insurance policy issued by Defendant, Plaintiff, an auto repair shop, filed a one-count breach of contract complaint against Defendant. DE 1-1. As the basis for its breach of contract count, Plaintiff avers that, on or about February 8, 2023, Aquabliss' insured vehicle sustained damages from a motor vehicle collision. *Id.* ¶ 4. And despite being insured by Defendant, Defendant allegedly "failed to pay covered losses" for the vehicle, specifically "$21,986.70 which continues to accrue daily in the amount of $266.25 (inclusive of tax) for repairs to be made" to the subject vehicle. *Id.* ¶¶ 8–10. Thus, Plaintiff maintains that Defendant breached the insurance policy.

As part of the ongoing discovery in this case, the parties have filed four discovery motions, as set forth above. The Court will consider each motion in turn.

## II. Plaintiff's Motion to Compel Better Responses to Supplemental Interrogatories and Supplemental Request for Production

In Plaintiff's Motion to Compel, Plaintiff seeks to compel a response to its Supplemental Interrogatory #1 and Supplemental Request for Production #7. DE 48 at 2. As brief background for these discovery requests, Plaintiff states that one of the major issues in this litigation concerns

2

the hourly rate for labor to repair the vehicle. *Id.* at 1. While Plaintiff asserts that it submitted charges for labor at an hourly rate of $65.00, Plaintiff claims that Defendant only issued payment for what was effectively an hourly rate of $55.00 for labor. *Id.* Therefore, with its Supplemental Interrogatory #1 and Supplemental Request for Production #7, Plaintiff sought information from Defendant regarding the hourly rate it paid Plaintiff. Specifically, Supplemental Interrogatory #1 asked:

> With regard to the hourly rate paid by the Defendant for tear down labor if the Defendant did not issue payment based upon an hourly rate of $65.00 per hour as charged by the Plaintiff set forth each and every factual basis for not paying the rate of $65.00 and set forth the name and address of each and every person who has knowledge of such facts.

DE 48-1 at 3. And, for its Supplemental Request for Production #7, Plaintiff requested: "Documents pertaining to how the Defendant calculated and arrived at the hourly rate of $55.00 for labor for the subject claim." DE 48-2 at 3.

In response to both discovery requests, Defendant raised the same objections. First, Defendant objected on the grounds that the information requested was overly broad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. DE 48-1 at 3; DE 48-2 at 3. Second, Defendant objected on the basis that the requests seek confidential business information and/or trade secrets. DE 48-1 at 3; DE 48-2 at 3. Lastly, Defendant raised an objection based on its assertion that these requests ask for information protected by its "Repair Facility Survey Process," and that the disclosure of such information "could chill participation in the Repair Facility Survey Process." DE 48-1 at 3; DE 48-2 at 3.

As Plaintiff explained at the May 23 Discovery Hearing, its breach of contract count is premised on Defendant's alleged failure to make payments pursuant to the insurance policy's Comprehensive Coverage and Collision Coverage. That provision of the policy provides that Defendant has the right to choose one of three options to determine the cost to repair a covered

3

vehicle. DE 1-2 at 58. First, the parties could agree to the repair costs. *Id.* Second, Defendant could approve a bid or estimate. *Id.* And third, a repair estimate could be based on or adjusted to, among other options, the "prevailing competitive price." *Id.* Significantly, the insurance policy provides that the "prevailing competitive price" means "prices charged by a majority of the repair market in the area where the ***covered vehicle*** is to be repaired as determined by a survey made by" Defendant. *Id.* at 58–59.

Because Defendant relied on its pricing survey to determine the hourly rate at which it would compensate Plaintiff for labor, *see* DE 48-1 at 3, Plaintiff asserts that it is entitled to the complete pricing survey, including the raw data, so that it can evaluate how Defendant conducted the pricing survey. However, the Court finds that the entire pricing survey is not relevant to Plaintiff's breach of contract claim. Given Plaintiff's currently operative claim,[1] the Court only finds the following aspects of the pricing survey to be relevant: (1) that Defendant conducted a pricing survey, (2) that the pricing survey covered the prices charged by a majority of the repair market in the area where the insured vehicle is to be repaired, and (3) that Defendant determined a prevailing competitive price. Therefore, the Court will sustain Defendant's objections in part and only require Defendant to produce a redacted version of the pricing survey it filed under seal.

In particular, Defendant is not required to produce the first page of the pricing survey. On the second page of the pricing survey, there is a bolded black line dividing the page. Defendant must leave unredacted all the information located above that line, but, below that line, Defendant need only leave unredacted all of the repair facilities listed in the "Repair Facility Name" column. Defendant may redact the other columns containing the individualized data from those repair

---

[1] The Court acknowledges that there is a pending motion by Plaintiff to amend its complaint, which adds additional claims against Defendant. DE 32. Should Plaintiff's motion to amend be granted and should Plaintiff require additional discovery based on those new claims or new defenses raised by Defendant, Plaintiff is, of course, free to seek additional discovery on those matters.

facilities. As for the remaining pages of the pricing survey, Defendant need only leave unredacted the column with the names of all of the repair facilities. Defendant may redact the other columns containing the individualized data from those repair facilities.

### III. Defendant's Motion to Deem Admitted Request for Admission #1 and 2

In its Motion to Deem Admitted Defendant's Requests for Admission Nos. 1 and 2, Defendant asks to have its Request for Admission #1 and 2 deemed admitted, arguing Plaintiff's objections to those Requests for Admission are invalid. DE 50. By way of background for these Requests for Admission, Defendant maintains that Plaintiff is holding the subject vehicle "hostage in an attempt to increase its damages" by charging a daily storage fee while refusing to release the vehicle until Plaintiff is fully compensated for the repairs made to the vehicle. *Id.* at 1. Defendant has also raised an affirmative defense which argues that the damages claimed by Plaintiff are not reasonable. *See* DE 1-2 at 119 ("Plaintiff's action is barred and defeated in whole or in part because the damages claimed are not reasonable or necessary, or both, and/or because the damages claimed exceed the limit of liability for collision coverage under the policy.").

Federal Rule of Civil Procedure 36 governs requests for admission, and that Rule provides that a matter is deemed admitted unless the responding party serves a "written answer or objection addressed to the matter and signed by the party or its attorney" within 30 days of being served the request for admission. Fed. R. Civ. P. 36(a)(3). Regarding an answer, if the answer does not admit the request for admission, "the answer must specifically deny . . . or state in detail why the answering party cannot truthfully admit or deny" the request for admission. Fed. R. Civ. P. 36(a)(4). As for objections, Rule 36(a)(5) requires the party to state the grounds for the objection, and the objection cannot be based "solely on the ground that the request presents a genuine issue for trial." "The requesting party may move to determine the sufficiency of an answer or objection."

Fed. R. Civ. P. 36(a)(6). If a court finds that an objection is not justified, it "must order that an answer be served." *Id.* And if a court finds that an answer does not comply with Rule 36(a)(4), the court may either find the matter to be admitted or order that an amended answer be served. *Id.*

Defendant's Request for Admission #1 asked: "Admit Plaintiff will not release the subject vehicle to State Farm until Plaintiff receives payment for all outstanding charges assessed by Plaintiff for the subject vehicle, including storage charges." DE 50-1 at 1. Plaintiff's response was as follows:

> Objection to the request on the basis that the request is argumentative, does not seek an admission as to a relevant fact as defined by Rule 26(b)(1), or the application of law to fact or an opinion. Furthermore, Plaintiff objects to the request as it calls for speculation as it is premised upon an unknown fact, i.e. an unmade and thus unknown offer of resolution beyond that which was paid post suit or offered presuit. Thus, to the extent the request calls for speculation the Plaintiff is unable to admit or deny. The releasing of the vehicle, as with any commercial dispute, is subject to resolution by way of reasonable compromise or adjudication, both of which may result in full payment or less than full payment and release of the vehicle.

DE 50-2 at 2–3.

Defendant's Request for Admission #2, asked: "Admit Plaintiff would not have released the subject vehicle to State Farm on September 12, 2023 unless State Farm tendered payment to Plaintiff for all then-outstanding charges for the subject vehicle assessed by Plaintiff, including storage charges." DE 50-1 at 2. Plaintiff's response was as follows:

> Unable to admit or deny the request on the basis that the request calls for speculation and presumes unknown facts as State Farm could have made a reasonable offer or resolution or engaged in good faith negotiation of resolution prior to September 12, 2023 that could have resulted in the release of the vehicle. In support thereof the Plaintiff would state that as with any commercial dispute the Defendant could have made an offer for an amount less than the total amount claimed but more than its initial offer, if any, and if said offer was deemed reasonable and accepted, even if it were less than the total amount due, then it is possible that the vehicle may have been released. Defendant made no such reasonable offer, did not negotiate with Plaintiff and in fact did not tender any payment until after suit was filed.

6

DE 50-2 at 3.

The Court resolves this dispute as follows. Plaintiff's objection to Defendant's Request for Admission #1 is overruled, as the Court finds that the Request is both relevant and proper under Rule 36. And to the extent Plaintiff raises an objection to Request for Admission #2, that objection is likewise overruled for the same reasons. Having found Plaintiff's objections unjustified, the Court would ordinarily be required to order Plaintiff to answer the Requests for Admission. *See* Fed. R. Civ. P. 36(a)(6) ("Unless the court finds an objection justified, it must order than an answer be served."). However, in addition to objecting, Plaintiff also provided answers to Defendant's Requests for Admission, and the Court concludes that these answers are sufficient under Rule 36. Specifically, Rule 36(a)(4) permits a party to "state in detail why the answering party cannot truthfully admit or deny" the request for admission, and Plaintiff has done so for both Requests for Admission. *See* DE 50-2 at 3 (claiming that Plaintiff cannot admit or deny Request for Admission #1 or 2 because they call for speculation and that the parties could have hypothetically negotiated and arrived at a reasonable compromise for Plaintiff to release the vehicle for less than full payment). The Court also notes that Defendant did not argue in its Motion that Plaintiff's answers were insufficient. *See* DE 50. Accordingly, the Court overrules Plaintiff's objections to Defendant's Request for Admission #1 and 2, but the Court finds Plaintiff's answers to Request for Admission #1 and 2 to be compliant with Rule 36(a)(4).

### IV. Defendant's Motion for Protective Order

In its Motion for Protective Order, Defendant seeks a protective order under Federal Rule of Civil Procedure 26 to prevent four of its employees from being deposed, contending these employees have "no personal knowledge" about the relevant issues in this litigation. DE 52 at 2. While Rule 26(c)(1) permits a protective order to prohibit a deposition, "[t]he burden of showing

7

good cause to preclude a deposition altogether is a heavy one." *Dunford v. Rolly Marine Serv. Co.*, 233 F.R.D. 635, 637 (S.D. Fla. 2005). As a result, "protective orders prohibiting depositions are rarely granted." *Id.*; *see also Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979) ("It is very unusual for a court to prohibit the taking of a deposition altogether and absent extraordinary circumstances, such an order would likely be in error."). After reviewing Defendant's Motion for Protective Order and considering the arguments made at the May 23 Discovery Hearing, the Court finds that Defendant has not met its heavy burden to show good cause for a protective order to preclude the deposition of four of its employees.

To support its position that its four employees do not have personal knowledge of the relevant issues in this litigation, Defendant attaches excerpts from its claims file which include notations as to the actions performed by the employees. *See, e.g.*, DE 52-2. However, based on what Defendant provided, it is not possible for the Court to know whether those excerpts contain the entirety of the employees' involvement with this case or that those employees have no personal knowledge of the relevant issues beyond what is suggested by those excerpts. Moreover, Defendant has not provided the Court with any case law where a court granted a protective order to prevent the deposition of an individual based on a party's representation that the individual has no personal knowledge of the relevant issues in the litigation. Accordingly, the Court finds that Defendant has not shown good cause to warrant a protective order to prohibit the depositions of its four employees.

### V. Defendant's Motion to Compel Documents Related to the Reasonableness of Plaintiff's Charges

In its Motion to Compel, Defendant seeks to compel documents responsive to its Request for Production #3 of its Second Request to Produce. DE 60 at 1. This Request for Production asked:

8

> 3. For the months of January 2023, February 2023, and March 2023, please produce all repair estimates, invoices, and Final Bills for each and every vehicle presented to Alltech Collisions & Paint, LLC for any service, regardless of whether the company or individual paying for or bartering for the repairs had a DRP ("direct repair program") relationship with your shop, did not have a DRP, was a self payor, or traded good/services for the services.

DE 60-1 at 2. Plaintiff objected to this Request, writing:

> Objection to the request as being not relevant to the subject matter of this lawsuit and therefore not likely to lead to the discovery of admissible evidence. The request amounts to a fishing expedition. The issues in this matter are unpaid storage of a motor vehicle and the amount allowed by the Defendant for certain tear down/diagnostic and preservation services for a specific vehicle, a 2013 Dodge.
>
> The repairs and body work performed on one type of car model which has its own unique manufacturer requirements, which incurred its own unique damage as a result of an accident or which had unique mechanic problems has nothing to do with the repairs of the vehicle at issue, the storage of the specific vehicle at issue in this matter or the Diagnostic/teardown/preservation services at issue in this matter or the labor rates at issue in this matter.

*Id.* at 2–3.

As Defendant explained at the May 23 Discovery Hearing, this Request seeks documents to determine whether Plaintiff was price-gouging, padding the bills, or otherwise charging Defendant fees that Plaintiff would not normally charge to other customers. Based on this explanation, the Court finds that Defendant's Request for Production #3 is relevant to the damages Plaintiff claims it has incurred from Defendant's alleged failure to pay for the covered loss of the vehicle in dispute. Accordingly, Plaintiff's objections to Defendant's Request for Production #3 are overruled.

9

## VI. Conclusion

For the foregoing reasons, Plaintiff's Motion to Compel [DE 48] is **GRANTED IN PART AND DENIED IN PART**. Defendant shall produce a version of the pricing survey with the required information set forth herein within 14 days from the date of this Order. Defendant's Motion to Deem Admitted Request for Admission #1 and 2 [DE 50] is **GRANTED IN PART AND DENIED IN PART**. Defendant's Motion for Protective Order [DE 52] is **DENIED**. Defendant's Motion to Compel [DE 60] is **GRANTED**. Plaintiff shall respond to Defendant's Request for Production #3 of its Second Request to Produce within 14 days of this Order.

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 4th day of June, 2024.

_____
PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE