UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-62193-CIV-SMITH

ALLTECH COLLISION & PAINT, LLC,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant.
_____/

**ORDER GRANTING MOTION TO REMAND**

This matter is before the Court on Plaintiff's Motion for Remand [DE 7], Defendant's Opposition [DE 15], and Plaintiff's Reply [DE 18]. According to Plaintiff's Complaint [DE 1-1], Plaintiff, as assignee of benefits from Defendant's insured, is entitled to benefits under an auto insurance policy issued by Defendant, which Defendant has failed to pay. Plaintiff's Complaint alleges a single count for breach of contract. Defendant removed this case based on this Court's diversity jurisdiction, pursuant to 28 U.S.C. § 1332. Under § 1332(a), federal courts have diversity jurisdiction over any civil action in which the amount in controversy exceeds the sum or value of $75,000 and is between citizens of different states. *See* 28 U.S.C. § 1332(a). Plaintiff seeks remand because Defendant has not established that the amount in controversy exceeds $75,000. For the reasons that follow, the Motion is granted.

**I.     Background**

Plaintiff is an auto repair shop and Defendant is the issuer of an automobile insurance policy. A vehicle covered by Defendant's policy was damaged and the insured assigned its rights under Defendant's policy to Plaintiff. Plaintiff filed its Complaint in state court on April 28, 2023.

The Complaint alleges that it is an action for damages that do not exceed $30,000, exclusive of interest, attorney's fees, and costs. The Complaint further alleges that "upon current information and belief, there is due and owing to the Plaintiff by Defendant $21,986.70 which continues to accrue daily in the amount of $266.25 (inclusive of tax) for repairs to be made to the motor vehicle." (Compl. ¶ 9.) Defendant was served with the Complaint on May 5, 2023. On May 25, 2023, Defendant filed a motion to dismiss, which was denied by the state court on August 8, 2023. On May 31, 2023, the state court issued an order setting a projected trial date of October 1, 2023.

On October 19, 2023, Defendant received an email containing a settlement demand from Plaintiff of $81,861.70 plus $6,000.00 in attorney's fees ("Settlement Demand"). The Settlement Demand states, in its entirety: "For this file there is 45,111.70 owed for the teardown and $36,750.00 for storage which continues to accrue at the rate of $150.00 per day. Fees and costs at this time are $6,000.000. Let me know if State Farm wishes to resolve." (10/19/23 demand email [DE 1-3].) On November 17, 2023, Defendant removed this case, based on this Court's diversity jurisdiction. The Notice of Removal asserts that the Settlement Demand is an "other paper" under 28 U.S.C. § 1446(b)(3).

**II.     Standard**

When a defendant seeks federal court adjudication through removal, the defendant must make a plausible jurisdictional allegation, which should be accepted when not contested by the plaintiff or questioned by the court. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014). If the plaintiff contests the allegation, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 88. While the burden is on the defendant to establish that the amount in controversy has been met, that burden only arises if the defendant's plausible jurisdictional

2

allegations have been challenged by the plaintiff. *Id.* at 87–88. In determining if the jurisdictional amount has been met, a court may make "reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061–62 (11th Cir. 2010) (internal marks & citation omitted). However, "all doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

**III.   Discussion**

Plaintiff maintains that this case should be remanded because the Notice of Removal is not sufficient because it has failed to establish that the amount in controversy exceeds $75,000 and, even if it is sufficient, the notice was untimely. The Plaintiff's timeliness argument is without merit. However, the Court agrees that Defendant has not met its burden to establish the amount in controversy.

Plaintiff argues that Defendant has failed to meet its burden of establishing that the amount in controversy exceeds $75,000. The Complaint states that this is an action seeking damages that do not exceed $30,000. Defendant's Notice of Removal relies on the Settlement Demand to establish the amount in controversy. Plaintiff argues that the Settlement Demand is nothing more than puffing and posturing. "A demand letter devoid of facts enabling the receiver to evaluate the claim may be considered 'nothing more than mere posturing.'" *Mick v. De Vilbiss Air Power Co.*, No. 6:10-CV-1390, 2010 WL 5140849, at *2 (M.D. Fla. Dec. 14, 2010) (citation omitted). Here, Plaintiff's Settlement Demand contained no details about how Plaintiff's settlement numbers were calculated—no estimates itemizing the actual work done, the amount of labor needed to perform the work, the labor rate, or the costs of any necessary parts. Given that Plaintiff's Settlement

3

Demand is devoid of the details supporting its demand and given that the Complaint states that damages do not exceed $30,000, Defendant has failed to establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.

The cases relied upon by Defendant do not change this conclusion. In *AAA Abachman Enterprises, Inc. v. Stanley Steemer International, Inc.*, 268 F. App'x 864, 866 (11th Cir. 2008), the court found that the amount in controversy in a declaratory judgment action had been met because the complaint alleged that plaintiff had paid hundreds of thousands of dollars in reliance upon an exclusive license and a demand letter stated that plaintiff would suffer hundreds of thousands, and potentially millions, of dollars in damages. Here, there are no such allegations in the Complaint. In fact, the only damages amount set out in the Complaint are $21,986.70, with additional damages continuing to accrue in the amount of $266.25 per day. Further, the Complaint alleges the amount in controversy does not exceed $30,000. In *Lamb v. State Farm Fire Mutual Automobile Insurance Co.*, No. 3:10-CV-615-J-32, 2010 WL 6790539, at *3 (M.D. Fla. Nov. 5, 2010), the court found that a demand letter that contained documentation of the plaintiff's injuries combined with the plaintiff's failure to respond to a request for admission about the amount of damages sought were sufficient to establish the amount in controversy. Here, there is no documentation supporting the demand letter and there is no evidence that Plaintiff has refused to respond to discovery requests about the amount in controversy. In *Diaz v. Big Lots Stores, Inc.*, No. 5:10-CV-319-OC-32, 2010 WL 6793850, at *3 (M.D. Fla. Nov. 5, 2010), the court also relied on the response to a request for admissions in addition to the amounts set out in a demand letter. Here, Defendant has not provided anything other than the Settlement Demand to substantiate the amount in controversy. Thus, none of these cases change the conclusion that Defendant has failed to establish the amount in controversy by a preponderance of the evidence.

Accordingly, it is

**ORDERED** that:

1. Plaintiff's Motion for Remand [DE 7] is **GRANTED.**

2. The Clerk is directed to remand this case to the County Court in and for Broward County.

3. All pending motions not otherwise ruled upon are **DENIED as moot.**

4. This case is **CLOSED.**

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 6th day of June, 2024.

_____
RODNEY SMITH
UNITED STATES DISTRICT JUDGE

cc: All counsel of record

5